Hanchett v. Gardner.

SETH F. HANCHETT, FOR USE, ETC.,

v.

CHARLES S. GARDNER AND JOSEPH POTANSKI.

*Replevin—Bond—Action on—Non-suit.*

1.   In the absence of fraud, one of several partners ordinarily has author-
ity, by virtue of the partnership relation, to transfer all the property of the
partnership to a creditor of the firm in payment of a firm debt.

2.   Such authority may be revoked by the rest of the firm by forbidding
a transfer, or dissenting before it is completed, and if notice of such dissent
is given to the party dealing with the partner who is attempting to trans-
fer, the same will not be binding.

3. When such transfer is to one of several creditors, the others can not question it, unless some fraud as against them, can be shown.

4. Where the facts justify a creditor in questioning the transaction equity is the forum in which relief should be sought.

[Opinion filed June 30, 1890.]

IN ERROR to the Superior Court of Cook County; the Hon. KIRK HAWES, Judge, presiding.

Messrs. WEIGLEY, BULKLEY & GRAY, for the plaintiff in error.

Messrs. SAWIN & VANDERPLOEG, for the defendants in error.

MORAN, J. Appellant levied an attachment on certain lumber as the property of Martin Hoelk and Fritz Klunder, copartners, and appellees replevied the same. When the replevin suit came on for trial, appellees elected to take a non-suit, and thereupon this action was brought on the replevin bond. The case was submitted to the court for trial without a jury, and evidence was introduced in behalf of appellees tending to show that said Martin Hoelk had been for some time engaged in the lumber business, and had in the course of said business become indebted to appellees on a running account; that in 1885 Klunder became a partner of Hoelk, and that at the time he so became a partner, the indebtedness to appellees on said account amounted to about $2,100, and that he assumed said account. The new firm continued to deal with appellees, and statements were furnished of the state of the account every month, and what payments were made to appellees were credited thereon. That in March, 1886, Hoelk and Klunder disagreed, and negotiations were made between them as to Hoelk purchasing Klunder's interest in the firm. On March 19, 1886, while these negotiations were still being carried on, Hoelk executed in the name of the firm a bill of sale, conveying to appellees the entire firm property in payment of the account held by them against the said firm. That Klunder was not asked to

Hanchett v. Gardner.

sign the bill of sale, and did not consent to said transfer. That immediately after the execution of the bill of sale, appellees took possession of the property. That when Klunder found the bill of sale was made, and saw appellees in possession, he objected and declared he would "bust" the bill of sale up. On the 20th of March appellants levied the attachment writ on a portion of the property covered by the bill of sale, which is the property in controveisy in this case. There was considerable conflict as to many of the questions of fact involved, but the finding of the court must be construed as settling all those issues in accordance with the tendency of the evidence above set forth.

The principal question of law arising on the facts as so found is, whether one partner has authority, by virtue of the partnership relation, to transfer all the property of the partnership to a creditor of the firm, in payment of a firm debt, without the knowledge or consent of his copartner.

The partnership relation makes each partner the agent of the other when acting within the scope of firm business or duties, and it will not be denied that payment of firm debts is the duty of the firm, and hence must be within the scope of the authority of a partner, and as the payment of firm debts requires dealing with the firm assets, it must be concluded that a partner has authority to apply firm assets for that purpose. 1 Bates on Partnership, Sec. 384.

"A merchant may rightfully sell to his creditors as well as for money. He may give goods in payment of a debt. If he may thus pay a creditor, he may thus pay a large one. The *quantum* of debt or of goods sold can not alter the right." Marshall, C. J., in Anderson v. Tompkins, 1 Brock. C. C. 457.

In Mabbett v. White, 12 N. Y. 442, it was held that one partner had authority to sell and transfer all the copartnership effects directly to a creditor of the firm, in payment of a debt, without the knowledge or consent of his copartner, although the latter was at the place of business of the firm, and might have been consulted, and that the transfer was valid, although the firm was insolvent, and thereby the creditor to whom the transfer was made, acquired a preference

over other creditors of the firm.   It is said, in the opinion of the court, that " one partner, in the absence of fraud on the part of the purchaser, has the complete *jus disponendi* of the whole of the partnership interest," and that " a creditor has a right to seek and obtain from his debtor a preference for or payment of his debts, to the exclusion of other creditors; and that without the imputation of fraud upon either party." See, also, Pettee v. Orser, 6 Bosw. 123 ; Fox v. Rose, Up. Can. Q. B. 16.

It is not to be inferred that this rule would leave the other partner powerless to protect himself.   The agency which partners hold is revocable, and the implied authority which one has to thus dispose of the partnership assets, may be revoked by forbidding a transfer or dissenting before it is completed, and if notice of such dissent is given to the party dealing with the partner who is attempting to transfer, then the sale will not be binding, because it is not the act of the firm.   But such notice must be given and dissent asserted before the sale is completed.   So, also, where " one partner undertakes to dispose of the partnership effects to the injury and wrong of the other partners, equity will interpose to grant relief," and if the purchasers of such effects take them with notice of such fraudulent intent of the partner making the sale, they will be considered as parties to the fraud, and liable, in equity, with the fraudulent partner to refund to the remaining partners."   Halstead v. Shepard, 23 Ala. 558.

But it is clear that a creditor could not question such a transaction unless he could allege some wrong or fraud upon himself, and as we have seen, a preference of some other creditor in payment is not regarded as a wrong of which the creditor who is left out can complain.   Where the facts justified the creditor in questioning the transaction, equity would be the forum in which he would have to seek relief.

Here the controversy is at law between creditors, and in such case one creditor can not object to the validity of a sale or transfer by one partner to another creditor, in payment of the latter's debt.   Such sale can be questioned by the non-assenting partner only and not by third persons.   Ellis v. Allen

et al., 30 Ala. 515 ; Bowen v. Clark, 1 Bissell, 128.    There-fore appellants were and are in no position to question, in this case, the validity of the transfer to appellees.

It is said that the record shows that when the replevin ac-tion was on trial, and after evidence had been submitted by both parties, and the court was ready to enter its judgment, the plaintiffs then, the appellees here, elected to take a non-suit, and it is argued by appellants that appellees can not, in this case, raise the question as to their ownership of the prop-erty.    There is nothing in the point.    Plaintiffs, having taken a non-suit, withdrew the case from the consideration of the court, and therefore no question was determined which related to the merits.    That left the merits open for determination in this action, upon proper pleadings.    It is unnecessary to discuss other errors assigned, further than to say that, in our opinion, there is no error available to appellants that will operate to reverse the judgment, and the same will therefore be af-firmed.

*Judgment affirmed.*